# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:06CR00023 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **ERNESTO GARCIA MARTINEZ,** ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Ernesto Garcia Martinez, Pro Se Defendant.*

A defendant in this case, Ernesto Garcia Martinez, has filed a pro se motion that he styles as a "MOTION UNDER F.R.Civ.P. 60(b) FOR RELIEF FROM VOID JUDGMENT; MOTION UNDER F.R.Crim.P. 12(B)(2) FOR DISMISSAL OF INDICTMENT; MOTION UNDER F.R.Crim.P. 44, 18 U.S.C.A. § 3006A, TO APPOINT COUNSEL." *See* Dkt. Nos. 135-136. Finding no grounds for relief, I must deny this motion.[1]

Martinez pleaded guilty, pursuant to a written plea agreement, to one count of conspiracy to possess with intent to distribute and to distribute 500 grams or more of

---

[1] Because Martinez is challenging the validity of his current criminal sentence and/or conviction based on his claim that the statute under which he was convicted is invalid, I originally docketed the motion as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C.A § 2255 (West 2006), and gave him an opportunity to object to this construction, pursuant to *Castro v. United States*, 540 U.S. 375 (2003). Martinez responded to indicate that he did not wish to have his motion construed as a § 2255 motion.

methamphetamine, in violation of 21 U.S.C.A. § § 841(b)(1)(A) & 846 (West 1999). Because he had a prior conviction for a felony drug offense, he received a mandatory minimum penalty of 240 months imprisonment for this offense. I entered judgment against him on February 6, 2007, and he did not appeal.

Martinez first argues that Rule 60(b) of the Federal Rules of Civil Procedure provides him with a vehicle whereby he may challenge the validity of various federal statutes relating to this court's jurisdiction to try, convict and sentence him to prison for violations of federal criminal statutes. This argument is without merit. While Rule 60(b) authorizes civil litigants to move for relief from judgment entered against them in civil cases, the court finds no respect in which this civil rule could apply to authorize an action by a criminal defendant to invalidate a criminal conviction. *See, e.g.*, Fed. R. Civ. P. 1 ("These rules govern the procedure in the United States district courts in all suits of a *civil* nature") (emphasis added); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (finding that the Federal Rules of Civil Procedure do not provide vehicle by which defendant may challenge his criminal judgment).

Next, Martinez asserts that he may move to quash the indictment on the ground that various statutes relating to federal court jurisdiction are invalid. This argument is too late. The rules require that a motion to correct a defect in the indictment must be made before trial, except that "at any time while the case is pending, the court may

-2-

Case 1:06-cr-00023-JPJ-mfu    Document 140    Filed 11/27/07    Page 2 of 4    Pageid#: 295

hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." Fed. R. Crim. P. 12(b)(3). Martinez did not bring his current motion before trial or while the case was pending.

Finally, Martinez argues that pursuant to the ancient writ of coram nobis, he may move to vacate his conviction and sentence, based on the invalidity of various federal statutes. This argument also fails.

The Writ of Coram Nobis, brought under the All Writs Act, 28 U.S.C.A. § 1651 (West 2006), survives in the criminal law context as an "extraordinary remedy [to be allowed] only under circumstances compelling such action to achieve justice." *See United States v. Morgan*, 346 U.S. 502, 511 (1954). This writ was "traditionally available only to bring before the court factual errors material to the validity and regularity of the legal proceeding itself, such as the defendant's being under age or having died before the verdict." *Carlisle v. United States*, 517 U.S. 416, 428-29 (1996) (internal citations omitted).

"Moreover, the All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id.* at 429 (internal citations omitted). The fact that a petitioner has foregone his opportunity to proceed under the intended statutory authority does not

render the All Writs Act controlling authority for his claims of an illegal sentence. *Id.*

Section 2255 provides that a person in custody under a federal sentence may move the court to vacate, set aside or correct his criminal sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Clearly, § 2255 is the statutory vehicle designed for federal inmates pursuing a collateral attack on their convictions on jurisdictional grounds or on grounds of trial court error.

Martinez does not present any material factual errors that would void his criminal conviction and sentence, and I find none. Therefore, I find no ground on which he is entitled to a Writ of Coram Nobis. His current claims allege that his criminal convictions and sentences are illegal, based on statutory invalidity at the time of indictment. These claims are of the sort for which Congress enacted § 2255, and that statute is controlling.

For the stated reasons, it is **ORDERED** that Martinez's Motion (Dkt. No 139) is DENIED.

ENTER: November 27, 2007

/s/ JAMES P. JONES
Chief United States District Judge