# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 1:06CR00023 |
| v. | **OPINION** |
| **ERNESTO GARCIA MARTINEZ,** | By: James P. Jones <br> Chief United States District Judge |
| Defendant. | |

*Ernesto Garcia Martinez, Petitioner Pro Se; Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia.*

The defendant, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West 2006). Upon review of the record, I find that the government's Motion to Dismiss must be granted.

I

Count One of an Indictment in this case charged the defendant Ernesto Garcia Martinez and three others with conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C.A. §§ 841(b)(1)(A) and 846 (West 2000 & Supp. 2008). A Superceding Indictment included Count One from the original indictment, but added charges against some of Martinez's co-defendants. On August 24, 2006, the government filed an Information to Establish Prior

Convictions, pursuant to 21 U.S.C.A. § 851 (West 1999), alleging that Martinez had two prior drug trafficking offenses which, if proven, would increase the defendant's mandatory minimum sentence to life imprisonment under § 841(b)(1)(A).

Martinez pleaded guilty on September 14, 2006, pursuant to a written Plea Agreement, to Count One of the Superceding Indictment. In Paragraph 2 of the Plea Agreement, the parties agreed that in exchange for the guilty plea and acceptance of responsibility by Martinez, the government would move to dismiss one of the prior drug convictions from the Information, so that Martinez would not be subject to a mandatory life sentence. Paragraph 10 of the Plea Agreement read, in pertinent part: "I agree not to collaterally attack the judgment and/or sentence imposed in this case and waive my right to collaterally attack, pursuant to [28 U.S.C.A. § 2255], the judgment and any part of the sentence imposed upon me by the court." Based on the one prior conviction for a felony drug offense remaining in the § 851 Information, Martinez received a mandatory minimum penalty of 240 months imprisonment, pursuant to § 841(b)(1)(A). I entered judgment on February 6, 2007, and he did not appeal.

On February 13, 2008, Martinez filed this § 2255 motion. Liberally construed, Martinez's motion alleges the following grounds for relief: (1) the guilty plea was invalid because Martinez was not fully advised of the consequences of the plea and

(2) counsel was ineffective because he (a) failed to investigate and challenge the alleged confidential informants involved in the case; (b) failed to investigate the alleged drug quality and quantity; and (c) failed to investigate the constitutionality of Martinez's prior drug conviction before advising him to plead guilty. The government has filed a Motion to Dismiss, arguing that pursuant to the Plea Agreement, Martinez waived his right to bring any challenge to his conviction or sentence under § 2255. As Martinez's deadline to respond has passed, the Motion to Dismiss is now ripe for disposition.

II

To state a claim for relief under § 2255, a federal defendant must prove that one of the following occurred: (1) his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). In a § 2255 Motion, the defendant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir.1958) (per curiam).

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Whether the waiver is "knowing and intelligent" depends "upon the particular facts and circumstances surrounding [its making], including the background, experience and conduct of the accused." *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992). When petitioner alleges that ineffective assistance of counsel caused the guilty plea itself to be unknowing or involuntary, analysis of such claims must be part of the court's inquiry into the validity of the guilty plea and the plea agreement waiver of § 2255 rights. *See, e.g., Lemaster*, 403 F.3d at 221-22; *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir.1999) ("Justice dictates that a claim of ineffective assistance of counsel in connection with the negotiation of a cooperation agreement [waiving § 2255 rights] cannot be barred by the agreement itself—the very product of the alleged ineffectiveness."); *see also Hill v. Lockhart*, 474 U.S. 52, 53-59 (1985) (finding that court may address ineffective assistance claims bearing on validity of guilty plea, even concerning matters that would ordinarily be waived by entry of plea).

The court's waiver analysis must focus first on the petitioner's statements during the plea hearing. "[I]n the absence of extraordinary circumstances, the truth

- 4 -

Case 1:06-cr-00023-JPJ-mfu   Document 169   Filed 11/13/08   Page 4 of 12   Pageid#: 473

of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Lemaster*, 403 F.3d at 221-22. If the court determines that petitioner's allegations, viewed against the record of the Rule 11 plea hearing, are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. *Id.* at 220 (internal quotations and citations omitted). After determining that statements made during the plea hearing indicated that petitioner had entered a valid guilty plea and waiver of his § 2255 rights, the court in *Lemaster* addressed petitioner's ineffective assistance claims only to the extent that they had some alleged bearing on the validity of the plea. *Id.* at 222-23. The court found that petitioner's allegations contradicted his sworn statements at the plea hearing and, accordingly, upheld the validity of the § 2255 waiver and dismissed all claims as waived. *Id.* at 223. In other cases, however, determining the validity of the § 2255 waiver will require addressing on the merits, petitioner's claims that ineffective assistance caused his plea to be invalid in some respect.

To prove that counsel's representation was so defective as to require reversal of the conviction or sentence, petitioner must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. *Strickland v. Washington*,

466 U.S. 668, 687 (1984). First, petitioner must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. *Id.* at 687-88. Petitioner must overcome a strong presumption that counsel's performance was within the range of competence demanded from attorneys defending criminal cases. *Id.* at 689.

Second, to show prejudice, petitioner must demonstrate a "reasonable probability" that but for counsel's errors, the outcome would have been different. *Id.* at 694-95. When petitioner alleges that counsel's error led him to enter an invalid guilty plea, he can show prejudice only by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58-59. If it is clear that petitioner has not satisfied one prong of the *Strickland/Hill* test, the court need not inquire whether he has satisfied the other prong. *Strickland*, 466 U.S. at 697.

III

A. MARTINEZ'S VALID GUILTY PLEA AND WAIVER.

Before accepting Martinez's guilty plea on September 14, 2006, I questioned him to ensure that his plea was knowing and voluntary. I first advised him that it was important for him to understand the court's questions and if he wanted to talk with

- 6 -

Case 1:06-cr-00023-JPJ-mfu   Document 169   Filed 11/13/08   Page 6 of 12   Pageid#: 475

his attorney about anything, he should tell me. In response to my questioning, Martinez indicated that he understood his answers were under oath and that he could be prosecuted for perjury if he failed to tell the truth. He indicated that he was twenty-five years old and had attended school until the twelfth grade. He indicated that he was not currently under the influence of alcohol or drugs and had no current health problems.

Martinez stated that he was able to read and write English "a little bit." (Plea Tr. 9.) For the record, Martinez's attorney stated that although English is a second language for Martinez, the defendant did not feel a translator was necessary. Counsel also indicated his personal feeling that he had been able to converse adequately with Martinez in English, that the defendant seemed to understand counsel's questions and gave appropriate answers. I then questioned Martinez about his ability to understand completely his lawyer's advice and to understand what the court told him during the plea hearing. Martinez indicated that he understood. When I questioned him further concerning having someone who spoke Spanish available to assist him in understanding the proceedings, free of cost, Martinez indicated that he did not wish to have an interpreter.

Martinez affirmed that he had initialed each page of his Plea Agreement and had signed it, indicating that his attorney had read and discussed the agreement with

- 7 -

Case 1:06-cr-00023-JPJ-mfu   Document 169   Filed 11/13/08   Page 7 of 12   Pageid#: 476

his attorney about anything, he should tell me. In response to my questioning, Martinez indicated that he understood his answers were under oath and that he could be prosecuted for perjury if he failed to tell the truth. He indicated that he was twenty-five years old and had attended school until the twelfth grade. He indicated that he was not currently under the influence of alcohol or drugs and had no current health problems.

Martinez stated that he was able to read and write English "a little bit." (Plea Tr. 9.) For the record, Martinez's attorney stated that although English is a second language for Martinez, the defendant did not feel a translator was necessary. Counsel also indicated his personal feeling that he had been able to converse adequately with Martinez in English, that the defendant seemed to understand counsel's questions and gave appropriate answers. I then questioned Martinez about his ability to understand completely his lawyer's advice and to understand what the court told him during the plea hearing. Martinez indicated that he understood. When I questioned him further concerning having someone who spoke Spanish available to assist him in understanding the proceedings, free of cost, Martinez indicated that he did not wish to have an interpreter.

Martinez affirmed that he had initialed each page of his Plea Agreement and had signed it, indicating that his attorney had read and discussed the agreement with

him. He also indicated that he was fully satisfied with counsel's representation so far. He indicated that he understood the terms of the plea agreement as summarized by the prosecutor, including the fact that Martinez's prior conviction would subject him to a mandatory minimum sentence of 240 months. The prosecutor also advised Martinez that by entering the Plea Agreement, he was waiving his right to collaterally attack his conviction or sentence, that his case would "be concluded upon sentencing," and that as a result of the guilty plea, he might be subject to being deported. (Plea Tr. 19, 20-21.) I then questioned Martinez about the fact that his Plea Agreement included a waiver of his right to appeal and his right to bring a collateral attack under § 2255. He indicated that he understood. Martinez denied that anyone had promised him anything outside the agreement that caused him to plead guilty and denied that anyone had tried in any way to force him to plead guilty. I explained the meaning of mandatory minimum sentence and the fact that his sentence could be more severe than the advisory guidelines range or counsel's estimated sentence. I asked Martinez if he understood these possible consequences of his guilty plea, and he indicated that he understood.

    I reviewed the rights Martinez was waiving by pleading guilty, explained in detail the elements of the charge that the government would have to prove if he went to trial, and heard a summary of the evidence in support of the plea. When Martinez

disputed the government's account of the evidence to some extent and expressed confusion over his mandatory minimum sentence, I withheld acceptance of his plea.

Martinez then spoke at length in private with his attorney. Back on the record, counsel indicated that Martinez was ready to plead guilty to selling methamphetamine in amounts that exceeded 500 grams. I questioned Martinez again:

> THE COURT: Were you, yourself, involved in the distribution of 500 grams or more of methamphetamine?
>
> MARTINEZ: Yeah.
>
> THE COURT: Do you understand —
>
> MARTINEZ: Guilty.
>
> THE COURT: I'm sorry?
>
> MARTINEZ: Guilty.
>
> THE COURT: Do you understand that if I accept your guilty plea that the court will be required to sentence you to at least 20 years imprisonment?
>
> MARTINEZ: Yeah.
>
> THE COURT: So you'll serve 20 years in prison if I accept your guilty plea. Do you understand that?
>
> MARTINEZ: Yeah, I understand that.
>
> THE COURT: That's what you wish to do; is that correct?
>
> MARTINEZ: (Nodded yes).

| | |
|---|---|
| THE COURT: | Do you have any questions of me about any of the advice that I've given you? |
| MARTINEZ: | No. |
| THE COURT: | Do you believe you need an interpreter, somebody to interpret what's going on into Spanish? |
| MARTINEZ: | No. |
| THE COURT: | Do you need to talk with your lawyer any more? |
| MARTINEZ: | No. |
| THE COURT: | And how do you now plead to the charge contained in count one of the superceding indictment, guilty or not guilty? |
| MARTINEZ: | Guilty. |

(Plea Tr. 50-52.) I find now, as I did at the plea hearing, that Martinez's guilty plea and waivers of his right to appeal and his right to bring this collateral attack under § 2255 were knowing and voluntary and therefore valid.

## B. COUNSEL'S ALLEGED ERRORS.

Martinez asserts that his counsel's alleged failings in this case caused his guilty plea and waiver of § 2255 rights to be unknowing and invalid. His claims, however, are directly contradicted by his statements to the court at trial. During the plea colloquy, he was advised of the consequences of his guilty plea: the mandatory minimum sentence of 20 years, waiver of appeal and § 2255 rights, possible

- 10 -

deportation, and the trial rights waived. Martinez indicated, under oath, that he had discussed the plea agreement with counsel and understood its consequences. He also stated under oath during the plea colloquy that he was fully satisfied with counsel's representation and did not mention any defense or evidence that counsel had failed to investigate before advising him to accept the plea agreement. Because Martinez's claims contradict his testimony during the plea hearing, I find them to be "palpably incredible" so as to warrant summary dismissal.

In any event, Martinez's allegations fail to state any claim under the *Strickland/ Hill* standard that counsel was constitutionally ineffective in advising him to accept the plea agreement. Martinez fails to present any evidence concerning the confidential informants or drug quality and quantity that counsel could have discovered with further investigation so as to assist in Martinez's defense at trial. Martinez also offers no evidence that counsel could have discovered to support a challenge to the constitutionality of either of Martinez's prior drug convictions. Thus, he fails to show that counsel's alleged omissions were either deficient performance or prejudicial to his defense. Moreover, in exchange for the guilty plea, Martinez achieved dismissal of one prior drug felony and avoided a mandatory life sentence. He simply has not shown a reasonable probability that any factual investigation counsel might have done would have given him such a strong defense

- 11 -

that he would have rejected the benefits of the plea bargain and insisted on proceeding to trial with its risk of a mandatory life sentence.

IV

As Martinez fails to demonstrate any ineffective assistance by counsel, he also fails to demonstrate that his plea agreement waiver of his right to bring this action is invalid in any respect. Therefore, I will grant the Motion to Dismiss his claims as waived.

A separate Final Order will be entered herewith.

DATED: November 13, 2008

/s/ JAMES P. JONES
Chief United States District Judge